## Nicholas Gill, Appellant, v. John Gill, Sr., Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Perry county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action of forcible detainer by John Gill, Sr., plaintiff, against Nicholas Gill, defendant, to recover possession of land alleged to have been wrongfully withheld from plaintiff by defendant. From a judgment for plaintiff, defendant appeals.

Plaintiff purchased the premises in question from one William McConnell for $1,500. Some time during the following March defendant took possession of said premises at the request or with the consent of plaintiff. Defendant claimed that the arrangement made between him and his father was that he was to rent the place and give his father one-third of the crops, if the latter needed the same; that plaintiff was to keep up the taxes; that defendant was to have possession of the place as long as plaintiff lived, and that it was to belong to defendant; that he went on the place under this arrangement, made valuable improvements in expectancy of future ownership, and fulfilled his part of the contract. Plaintiff claimed that the relation between the parties was that of landlord and tenant; that the tenancy was one from year to year, commencing on the first day of March in each year, and providing for a crop rent.

On December 11, 1911, plaintiff served a written notice upon appellant to vacate said premises on March 1, 1912, which he failed to do. That thereafter this suit was instituted. The evidence was conflicting, but it appeared from the testimony that a greater number

of witnesses were introduced on behalf of the defendant than plaintiff. Defendant denied specifically that his father rented the land to him as long as he did good on the place but said: ''While he came to me and told me to take possession of this place and to farm it as my own farm, that it would be mine at his death * * *. And if he needed the rent he wanted it, and if he did not need the rent I need not pay the rent but I had to pay taxes.'' He also testified: ''He got his rent every year with the exception of the one year he gave me the corn.'' The next witness introduced by defendant was his brother, John Gill, Jr., who testified: ''Why he told me he had bought the McConnell place and was going to give it to Nick, he was going to put Nick on the place.'' Upon cross-examination the witness seemed to be uncertain whether his father said he was going to rent the place to Nicholas or not, and in answer to the question: ''Q. Did he use the word rent or not? A. I don't know he might have said rent.'' The witness thereafter said he didn't think the word ''rent'' was used.

The witness Carter testified that plaintiff talked to to him and told him: ''He bought a farm, his Perry County eighty acre farm for Nicholas and he said he gave it to Nicholas, and after his death it belonged to Nicholas.'' The witness Roberts testified: ''Why, he told me that he had bought Nicholas and John a place, and Nicholas was not doing to suit him and he was going to be boss.'' This was a conversation between witness and plaintiff about the trouble they were having in their respective families, and upon cross-examination witness admitted his hearing was not very good. Plaintiff denied that he had this conversation with this witness.

POPE & COOK, for appellant.

J. PAUL CARTER and A. R. DRY, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 21*—*whether relation of landlord and tenant exists as question for jury.* In an action of forcible detainer, *held* that it was a question for the jury whether the relation of landlord and tenant existed between plaintiff and defendant.

2. APPEAL AND ERROR, § 1413*—*when verdict will not be set aside as against weight of evidence.* A verdict will not be set aside as against the weight of evidence where two juries have found for the plaintiff.

3. FORCIBLE ENTRY AND DETAINER, § 25*—*when equitable defense waived.* In an action of forcible detainer, *held* that defendant had waived any right which he may have had to make an equitable defense.

───────

## Clay Frechett, Administrator of the Estate of Lewis W. Johnston, Deceased, Appellee, v. Illinois Central Railroad Company, Appellant.

1. JURY, § 50*—*when discharge of jury within discretion of court.* The matter of discharging a jury after the trial of the case has been started, upon the ground that one of the jurors is related to one of the attorneys, lies in the discretion of the trial court.

2. JURY, § 50*—*when discretion to discharge jury not abused.* The trial court did not abuse its discretion in refusing to discharge the jury after the trial had been started on the ground that one of the attorneys was related to one of the jurors, where the affidavit in support of the motion did not clearly disclose the relationship, and the attorney immediately withdrew from the case upon the making of the motion.

3. EVIDENCE, § 228*—*when testimony of deceased witness at former trial may be admitted.* The testimony of a witness upon a previous trial, as incorporated in the bill of exceptions, may be read upon a second trial where the witness at the time of the second trial is deceased, and the court reporter, who took the testi-

───────

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.